IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Austin Lakes, Inc., | : | |
| Plaintiff | : | Civil Action 2:14-cv-00322 |
| v. | : | Judge Watson |
| PNC Bank, National Association, Trustee of the Leila K. George Trust, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

# Report and Recommendation

This is an action to quiet title to land by extinguishing mineral rights. This matter is before the Magistrate Judge on plaintiff Austin Lakes, Inc.'s ("Austin Lakes") May 6, 2014 motion to remand this case to the Court of Commons Pleas of Jefferson County, Ohio and to award plaintiff its attorney fees and costs (doc. 13). The June 11, 2014 motion for leave to file a sur-reply of defendant PNC Bank, National Association, Trustee of the Leila K. George Trust ("PNC") (doc. 23) is GRANTED.

   **I.   Issue for decision**

PNC removed this case asserting diversity jurisdiction. Plaintiff is a citizen of Ohio, and PNC is a citizen of Delaware. Plaintiff argues that there is no diversity jurisdiction because the beneficiary of the trust for which PNC is the trustee is a citizen of Ohio. The issue for decision is whether for purposes of diversity jurisdiction the

citizenship of a testamentary trust[1] is determined by the citizenship of the beneficiaries of the trust.

## II. Allegations in the Complaint

In 1947, plaintiff Austin Lakes, Inc. acquired 80 acres of land in Ross Township, Jefferson County, Ohio. When that property had previously been conveyed in 1943, the oil and mineral rights had been reserved. A Reservation Deed was filed with the Jefferson County Recorder in 1944. In 1987, those mineral rights were transferred by a certificate of transfer to The Miners and Mechanics Savings and Trust Company, as Trustee of the Leila K. George Trust. Through a series of mergers, defendant PNC has succeeded Miners and Mechanics Savings and Trust Company as the Trustee of the Leila K. George Trust.

The complaint names as the sole defendant PNC Bank, National Association, Trustee of The Leila K. George Trust. It seeks a declaratory judgment that the dormant mineral rights have been abandoned and to quiet title.

<u>Trustee's powers under the terms of the Leila K. George Trust and Ms. George's will.</u> Leila K. George died on October 2, 1984. she left her full estate, including the entire Mineral Interest, to The Miners and Mechanics Savings and Trust Company, as testamentary Trustee of the Leila K. George Trust. (Compl. ¶6 and Defendants' May 27, 2014 Brief in Opposition, Exhibit A, Doc. 17-1, PageID 269-75.)

---

[1] The complaint names PNC, as trustee for the trust, as the party defendant. The briefs assume that the suit is against the trust. This report and recommendation will do so as well.

Under Leila K. George's will, the trustee has the power to hold, manage, and control the trust estate. (*Id.*, Exh A, ITEM II, Sections A-G, PageID 269-71.) The trustee has the following powers over all of the trust assets:

A. The right and duty to collect income from the property.
B. The sole and absolute discretion to disburse funds from the trust's principle, with the Trustee's discretion being conclusive as to any such disbursement, and shall not be subject to judicial review.
C. No disbursement from the corpus or income of the trust shall be encumbered in any way without the written consent of the Trustee.
D. All of the minerals held by the decedent at the time of her death are to become part of the corpus of the trust and the Trustee shall have the right to determine when and if said minerals shall be disposed of or sold, whether outright or on a royalty bases.
E. Upon the death of decedent's daughter, the trust shall terminate.
F. Once the trust comes into being the following specific powers and authority in connection with the administration of the trust estate shall be granted to the Trustee in addition to and not in substitution of powers conferred by law. The rights to:
   1. Invest he assets of the trust estate.
   2. Settle and adjust any and all claims or demands for or against the trust estate.
   3. Retain any security or other property owned by deceased at the time of her death.
   4. Sell, exchange, assign, transfer and convey any security or property, whether real or personal, held in the trust estate.
   5. Vote on any stocks held by the trust.
   6. Employ accountants, attorneys and such agents as deemed advisable and necessary.
G. To carry out the provisions of the trust keeping in mind its primary purpose of providing case and support for decedent's daughter.

(*Id.*) On August 6, 2012, carrying out these duties, the Trustee filed a Partial Account in the Jefferson County, Ohio Probate Court. (See Compl. ¶ 16 and Exh. G.)

### III. Arguments of the Parties

#### A. Plaintiff Austin Lakes, Inc.

3

Plaintiff argues that defendant has failed to show that complete diversity of citizenship exists and that the case should be remanded. Plaintiff Austin Lakes maintains that defendant PNC ignores the fact that under federal law, it is the citizenship of the beneficiary of the Leila K. George Trust, and not the citizenship of its trustee, that is determinative for purposes of diversity of jurisdiction. According to plaintiff, federal case law has developed what is known as the "dual trustee – beneficiary rule," in which the citizenship of the trustee is determinative when the action is by or against the trustee, but the citizenship of the beneficiary of the trust is determinative when the claims are by or against the trust itself as in the case.

Plaintiff argues that in this case, the claims are by and against the Leila K. George Trust, not its trustee, making the citizenship of the Trust's beneficiary determinative. Plaintiff maintains that PNC has failed to show that the beneficiary of the Leila K. George Trust is not a citizen of Ohio thereby failing to meet its burden of shown that complete diversity exists.

Plaintiff further argues that the Court should award it the attorney fees incurred in securing remand to state court.

In its reply, plaintiff argues that the Sixth Circuit has recognized that *Navarro* decision did not hold that the citizenship of an artificial entity, such as a trust, is determined by reference only to the citizenship of the real party in interest. In *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990), the Supreme Court stated "*Navarro* had nothing to

4

do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Id.* at 192-93.

Plaintiff maintains that many district courts, including those in the Sixth Circuit, have recognized that *Carden*, not *Navarro*, is controlling. In *Yueh-Lan Wang*, 841 F. Supp 2d 198 (D.C. 2012), the district court concluded that "[a]lthough the artificial entity at issue in [*Carden*] was a limited partnership, not a trust, it seems clear that the *Carden* rule also applies to trusts. *Id.* at 205.

### B. Defendant PNC Bank National Association

PNC argues existing case law favors the Trustee's position that complete diversity exists based on the citizenship of the Trustee without regard to the citizenship of the Trust beneficiary. PNC maintains that the case law cited by plaintiff is factually distinguishable from this case and that plaintiff cannot cite to any controlling authority for the proposition that the citizenship of the beneficiary must be considered.

According to PNC, upon her death, Leila K. George left the entire disputed mineral interest to The Miners and Mechanics Savings and Trust Company as Trustee of the Leila K. George Trust. PNC maintains that under the Last Will and Testament of Leila K. George, The Miners and Mechanics Savings and Trust Company, as Trustee of the Leila K. George Trust, had complete power to hold, manage and control the mineral estate. Through a series of mergers, PNC, as successor in interest to The Miners and Mechanics Savings and Trust Company, presently has complete power and authority to hold, manage, and control the mineral estate.

On September 13, 2011, plaintiff sent notice of its intent to declare the mineral interest abandoned to The PNC Financial Services, Group, Inc. CSC-Lawyers Incorporating Service Company in an attempt to satisfy Ohio Revised Code § 5301.56. According to PNC, the party that was served had no interest in the mineral interest when it received the notice and has never been a named party to this lawsuit. On November 2, 2011, plaintiff recorded an affidavit of abandonment based on its notice that was sent to a non-interest, non-named party.

To comply with its burden of demonstrating complete diversity of citizenship, PNC maintains that plaintiff is an Ohio corporation with its principal place of business in Toronto, Ohio, and Trustee, a national banking association with its main office in Wilmington, Delaware, is a citizen of Delaware. Under 28 U.S.C. § 1348, a national bank is located only in the state designated as its main office.

PNC argues that plaintiff is attempting to circumvent more than one-hundred years of authority for the well-established principle that a trustee who has legal title trust assets, manages them, and controls litigation related to those assets, is the real party in interest for purposes of diversity jurisdiction and whose citizenship is to be used for that of the trust. Plaintiff maintains that the Trustee is the real party in interest in this dispute. Under the Trust, the Trustee has the power to manage and control the assets of the Trust as required by *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 464-66 (1980).  Under the Will of Leila K George, the entire mineral interest, which is at the center of this dispute, was transferred to the Trust. According to PNC, the word

6

"entire" conclusively provides that the transferred mineral interested includes the complete bundle of rights associated with the named property.

PNC argues that plaintiff's interpretation of *Emerald Investors Trust v. Gaunt Parsipanny Partners*, 492 F.3d 192 (3d Cir. 2007) is not binding on this Court and is factually distinguishable. PNC maintains that under *Navarro*, where a trustee controls the assets of a trust, the trustee is considered the real party in interest and its citizenship is to be determinative when assessing diversity jurisdiction.

Here, the trust beneficiary has no control over the Trust's assets. She is not a real party in interest, and as a result, her citizenship is not determinative of diversity jurisdiction. In *Emerald Investors*, the trust owned assets that were controlled by the trust's beneficiary, who was seen as a real party in interest. If the beneficiary's citizenship was properly considered in *Emerald Investors*, PNC maintains its is because the beneficiary was the real party in interest. PNC argues that plaintiff's reliance on *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) is also misplaced because it simply stands for the proposition that a limited partnership has the citizenship of all its members. PNC maintains that it is improper to conclude that a limited partnership, whose members both control and benefit from the partnership's assets is the same thing as a trust whose controlling trustee is separate and distinct from its beneficiary.

PNC further argues that *1963 Jackson, Inc. v. De Vos*, 1:10-CV-01206, 2010 WL 5093349 (W.D. Tenn. 2010) is not binding authority.

In its sur-reply, PNC maintains that *Carden* does not apply when considering a traditional trust because a traditional trust is not a business entity or unincorporated association. PNC relies on *France v. Thermo Funding Co. LLC*, 989 F. Supp. 2d 287 (S.D.N.Y. 2013), which stated "[c]alling the beneficiaries of a traditional trust its 'members' extends *Carden* and its progeny well beyond associations and similar entities." PNC maintains that the holding in *Carden* does not require the uniform application of its "all-members test" to all unincorporated artificial entities. PNC contends that artificial entities vary tremendously in their formation, structure, purpose, effect and duration.

PNC further argues that *Yueh-Lan Wang v. New Might United States Trust* is easily distinguishable based on the facts. The trust at issue in Yueh-Lan Wang was not a testamentary estate-planning trust created in a will. Rather, the trust was an elaborate business-centric trust created for one of the richest men in the world in order for him to conduct sophisticated investing and management operations.

**IV. Discussion**

A civil case brought in state court may be removed to federal court only when the plaintiff could have filed suit in federal court in the first place. 28 U.S.C. § 1441. If a case has been improperly removed, the action must be remanded, and the order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

A case may be removed under § 1441(b) where there is complete diversity of the parties at the time of removal. All parties on one side of the litigation must have different citizenship from all parties on the other side of the litigation. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999).

Here, the parties disagree as to whether it is the citizenship of the trustee or the beneficiaries of the trust who matter for purposes of diversity jurisdiction. In *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), the issue presented was "whether the trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." 446 U.S. at 458. Eight individual trustees held title to real estate investments in the trust for benefit of the trust's shareholders. The declaration of trust gave them exclusive authority over the trust property, free from any power and control of the trust shareholders and as if they were the sole owners of the property. The trustees sued Navarro Savings Association for breach of a contract that was related to a loan the trustees made to a third party.

The Supreme Court held that business trust trustees, who had legal title, managed the assets and controlled the litigation, were real parties to the controversy and could invoke diversity jurisdiction on the basis of their own citizenship rather than that of the trust's beneficial shareholders. "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id*. at 464 (citing *Bullard v.*

9

*Cisco*, 290 U.S. 179 (1933)). The Supreme Court noted that "[t]he relative simplicity of this established principle . . . is one of its virtues." The trust at issue in *Navarro*, was a business trust rather than a testamentary trust, but the Supreme Court found this distinction irrelevant. Instead, the Supreme Court relied on the fact that the trustees were "active trustees whose control over the assets held in their names [was] real and substantial." *Navarro*, 446 U.S. at 465. The trustees had legal title, managed the assets and controlled the litigation. "For more than 150 years, the law has permitted trustees who meet this standard to sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id.* at 466.

Plaintiff maintains, however, that *Navarro* is no longer decisive. Instead, plaintiff relies on *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). In *Carden*, Arkoma, an Arizona limited partnership filed a diversity action. The appellate court found complete diversity after concluding that the Arkoma's citizenship should be determined by considering the citizenship of the general partners but not that of the limited partners. The Supreme Court reversed the appellate court and held that the citizenship of limited partners had to be taken into account to determine diversity of citizenship among the parties. Noting that it had often considered the status of artificial entities created by state law when determining the existence of federal diversity jurisdiction, the Supreme Court recognized its resistance to extending citizenship to entities other than corporations. With one exception, for purposes of the diversity statute, the Supreme

10

Court has treated common-law entities as partnerships; only incorporated groups are treated as legal persons. *Id.* at 190.

The *Carden* Court rejected Arkoma's reliance on the *Navarro* decision because *Navarro* "did not involve the question whether a party that is an artificial entity other than a corporation can be considered a 'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' (viz., natural persons) were the real parties to the controversy." *Id*. at 191. The Court asserted that "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Id*. at 192-93. The Court further stated that *Navarro* "is irrelevant, since it involved not a juridical person but the distinctive common-law institution of trustees." *Id.* at 194.

Following the decisions in *Navarro* and *Carden*, courts have taken different approaches in the manner in which citizenship is determined for trusts with respect to diversity jurisdiction.

In *Emerald Investors Trust v. Gaunt Parsippany Partners, et al.*, 492 F.3d. 192 (3rd Cir. 2007), the Third Circuit held that when the trustee sues or is sued, the citizenship of the trustee is determinative of diversity jurisdiction. 492 F.3d at 200-01. But when the trust sues or is sued, the proper method for determining the citizenship for diversity purposes is to determine the citizenship of both the trustee and the beneficiary, which it termed the "dual trustee-beneficiary rule." *Id.* at 203. The court stated that the dual trustee-beneficiary rule would not contradict either *Navarro* or *Carden*. *Narvarro* was not

11

impacted because it dealt with a situation in which the trustees brought the action in their own names, which differed from the *Emerald Investors Trust* case where the trust was the plaintiff. *Emerald* was followed by the court in *Mills 2011 LLC v. Synovus Bank*, 921 F.Supp.2d 219, 224-26 (S.D.N.Y. 2013). *See also Yueh-Lan Wang v. New Mighty U.S. Trust, et al.*, 841 F. Supp. 2d 198 (D.C. 2012)(holding that citizenship of a trust is determined by the citizenship of the trust's beneficiaries).

But the court in *France v. Thermo Funding Company, LLC*, 989 F. Supp. 2d 287 (S.D.N.Y. 2013), reached a different conclusion. Although acknowledging that the *Carden* decision applied to a broad range of unincorporated associations and business entities, the court concluded that a traditional trusts differed significantly from a business or statutory trust. *Id.* at 294. A business trust was described as a convenient medium for conducting business and sharing profits. *Id.* at 295 at n. 45. An ordinary trust established by will or inter vivo is a means for effecting a gift or transfer. *Id.* at 296. The court concluded that the holding in *Navarro* was consistent with the manner in which trusts had been treated prior to the advent and popularization of the business trust. *Id*. at 297. The court rejected the dual trustee-beneficiary approach adopted by the Third Circuit and concluded that a traditional trust takes the citizenship of its trustees. "Any other holding would be inconsistent with the cases holding that, because a traditional trust cannot sue or be sued, the citizenship of the trustees determines citizenship for the purpose of establishing diversity." *Id*. at 299-300 (footnote omitted).

There is precedent in the Sixth Circuit for following *Emerald*'s dual trustee-beneficiary rule. *1963 Jackson, Inc. v. De Vos, et al.*, Case no. 1:10-cv-01206, 2010 WL 5093349 (W.D. Tenn. December. 8 2010). However, there is an unreported Sixth Circuit Court of Appeals decision after *Carden*[2] that holds that a business trust has the citizenship of its trustees. *Homfeld II, LLC v. Comair Holdings, Inc.* 53 Fed.Appx. 731, 2002 WL 31780184 (6th Cir. December 3, 2002). Following *Homfeld*, the court in *Watkins v. Trust Under Will of William Marshall Bullit by and Through its Trustee, PNC Bank, N.A.*, 2014 WL 2981016 (W.D. Ky. July 1, 2014) held that the citizenship of a testamentary trust is determined by the citizenship of its trustee. *See also, Dorothy K. Graves Family Trust v. Litton Loan Servicing LP,* 2011 WL 830492 (W.D. Tenn. March 3, 2011)(holding that a trust is a citizen of whatever state the trustee is a citizen of).

Given *Homfeld* and the other authority in the Sixth Circuit that the citizenship of a trust is determined by that of its trustee, I will not follow Emerald but will adopt the reasoning in *France v. Thermo Funding Company, LLC*. The *Carden* decision did not overrule or alter the *Navarro* decision. Instead, the *Carden* Court specifically noted that *Navarro* had nothing to do with the citizenship of the trust because the action was brought by the trustees. Here the trustee PNC has complete power to hold, manage and control the mineral estate. As in *Navarro*, there is no reason to consider the citizenship of the beneficiary because PNC has full and complete authority over the mineral rights and over the defense of this lawsuit. Because I conclude that for purposes of diversity

---

[2]The decision does not mention *Carden*.

jurisdiction, the citizenship of PNC rather than that of the beneficiary is determinative, I RECOMMEND that plaintiff Austin Lakes, Inc.'s May 6, 2014 motion to remand this case to the Court of Commons Pleas of Jefferson County, Ohio and to award plaintiff its attorney fees and costs (doc. 13) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel<br>
United States Magistrate Judge